## HALL v. CARLISLE.

When on *certiorari* from the verdict of a jury rendered in a justice's court, the case is remanded for a new trial, the new trial must be had by another jury and not by the presiding justice. If the plaintiff refuses to try by jury, and the justice for that reason dismisses the case, no appeal on the judgment of dismissal lies to the superior court, and dismissal of the appeal in the latter court is not erroneous.

July 24, 1893.

Appeal. Before Judge MARTIN. Talbot superior court. September term, 1892.

J. J. BULL, by brief, for plaintiff. WILLIS & PERSONS, by MORGAN McMICHAEL, for defendant.

BLECKLEY, Chief Justice.

In a justice's court no case can reach a jury except by appeal, and nobody but a jury can try an appeal. The only trial which can be had by the presiding justice of the peace must take place before appeal. The justice is the organ of trial appealed from, not the one appealed to. Here there was an appeal from a judgment of the justice. It was tried by a jury, and on *certiorari* from the verdict of the jury to the superior court, a new trial was ordered. The plaintiff refused, after the case was remanded to the justice's court, to proceed to try it by jury. This was a virtual abandonment of the case, and the justice rightly dismissed it. It would be a perversion of the law of appeal to apply it to this judgment of dismissal. An appeal from a justice's court to the superior court must present, either actually or by legal possibility, something for trial by jury. What is there for a jury to try, when the sole question presented and which could be presented is whether a case was properly dismissed by the presiding justice because the plaintiff declined to prosecute it before the only branch of the tribunal which had any power to try it? We are sure

that such a question of mere practice or procedure is not one on which an appeal can be taken to the superior court.    Indeed, we know no instance in which an appeal is allowed to a jury in the superior court when the same party has already appealed in the same case to a jury in the justice's court.   In certain cases a party in a justice's court may elect between appealing to a jury in the same court or to one in the superior court.   But even in those cases he is restricted to one appeal or the other, and cannot by successive appeals present his case in both courts.   No such piling of appeal upon appeal is provided for, or has ever been thought of before so far as we are aware.                         *Judgment affirmed.*